IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**EDGAR (ED) OLIVER**                                                                                       **PLAINTIFF**

**V.**                                                                              **CAUSE NO. 3:19-CV-795-CWR-LRA**

**COVIDIEN SALES LLC; COVIDIEN LP;**                                                      **DEFENDANTS**
**COVIDIEN HOLDING, INC.; TYCO**
**HEALTHCARE GROUP L.P.;**
**MEDTRONIC, INC.; DOES 1-10**

**ORDER**

Before the Court are the defendants' motion to dismiss and the plaintiff's motion to amend. Docket Nos. 8 and 19. The motions are fully briefed and ready for adjudication. For the reasons that follow, the motions are denied.

In 2014, Edgar "Ed" Oliver, a registered nurse, underwent surgery to repair an umbilical hernia. The surgeon placed into Oliver's body a "Parietex Composite Ventral Patch" – a medical device made by the defendants. Oliver says that the patch failed within two years, leading to follow-up surgeries, severe pain, and permanent injuries.

This product liability suit followed. Through failure-to-warn and defective design theories of liability, Oliver alleges that the patch is defective because it is made from polyester, has an inadequate "film coating," and unravels. As a result, he says, the patch causes inflammation, bowel obstruction, and organ perforation, among other problems.

The defendants now contend that Oliver has failed to state plausible claims for relief. Their motion, which attaches the product's "Instructions for Use" sheet as evidence and cites a voluminous medical literature to support its factual claims, argues that the product's risks were disclosed to Oliver's surgeon and that the complaint is insufficiently specific to proceed.

The standard of review is well-established and need not be repeated in its entirety. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Relevant to this motion, however, is the Fifth Circuit's caution that *Iqbal*'s "emphasis on the plausibility of a complaint's allegations does not give district courts license to look behind those allegations and independently assess the likelihood that the plaintiff will be able to prove them at trial." *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 803 n.44 (5th Cir. 2011) (reversing where district court refused to give the plaintiff's allegations "the force to which [they were] entitled at this early stage of the litigation").

Under this standard, the Court must respectfully disagree with the defendants' arguments. The complaint thoroughly and plausibly outlines Oliver's history with the patch, the necessary restorative surgeries performed by Dr. Nicols, the product's alleged defects and warnings shortfalls, and how those problems caused his injuries.

As for the warnings claim, the complaint says that the defendants failed to provide sufficient warnings to doctors who would use the patch, and, in fact, the defendants concede in their brief that bowel obstruction is not listed in the warnings sheet. The specific factual question of whether Oliver experienced risks "already known by[] his treating physician" cannot be resolved at this early juncture. *See, e.g.*, *Smith v. Johnson & Johnson, Inc.*, 483 F. App'x 909, 914 (5th Cir. 2012) (resolving failure-to-warn case at the summary judgment stage).

For the defective design claim, similarly, the complaint explains that before the patch was sold, published research stated that polyester should no longer be used for hernia repair. The complaint goes on to allege that the defendants should have used polypropylene, a stronger material than polyester. These allegations flesh out the elements required under Mississippi law. *See, e.g.*, *Little v. Smith & Nephew, Inc.*, No. 1:15-CV-28-GHD, 2015 WL 3651769, at *7 (N.D.

Miss. June 11, 2015) (permitting MPLA design defect claim to proceed where plaintiff "alleges that a feasible design alternative existed that would have to a reasonable probability prevented the harm"). On this record there is no evidence that polypropylene is an entirely different product than polyester, which may render it unsuitable for serving as a feasible design alternative.

The Court reaches fundamentally the same conclusion about Oliver's request for punitive damages. The defendants are correct that these claims rarely make it to trial. But the request is adequately pled under the legal standard.

The undersigned has conducted lengthy product liability trials in catastrophic car wrecks, a fatal helicopter crash, and a tragic high-powered magnet case. In the Court's experience, the argument the defendants raise today may indeed fare well once the evidence is in. As it stands, though, the complaint sufficiently states plausible claims for relief. The motion to dismiss is therefore denied. The motion for leave to amend is denied as moot.

Finally, the Court notes that one of the defendants is an LLC and two are LPs. Fifth Circuit precedent on subject matter jurisdiction requires LLCs to submit a supplemental pleading detailing their membership and the residency of each member. *See Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077 (5th Cir. 2008). The same is true for those defendants operating as LPs. The supplemental pleadings are due in 14 days.

**SO ORDERED**, this the 30th day of June, 2020.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE
